CHARLES J. SCHUCK, Judge.
While acting as road foreman in Clay county, West Virginia, for the state road commission, the claimant, Clarence Pierson, was assaulted by one of his fellow workmen, being struck by a shovel in the hands of said workman, the incident occur-ing on or about January 3, 1936. A review of the testimony as submitted, indicates that the assault was made without any justification whatsoever, and seemingly without any provocation. In fact the only evidence is that the claimant, as foreman, had ordered the ditch beside the road to be made a little deeper and had himself stepped into the ditch to help with the work when he was assaulted by the workman, Howard Young. Claimant’s injuries required both hospital and medical attention. In fact, he could not resume his work for a period of approximately two months. In due course of time, complainant brought an action in tort against his assailant and recovered approximately $675.00, of which he, personally, *274 has received $300.00. He lost two months’ work amounting to $250.00.
Under all the circumstances as presented, considering the fact that an attempt was made to show that the assailant was of a vicious nature and had made other assaults, which contention in our opinion was not supported by the testimony, we find that the state could not possibly have forseen the likelihood of the assault at the time that Young, the assailant, was given the job with the road department and was engaged as aforesaid. Neither the state, nor the state department involved, could in any manner be held responsible for the personal actions of Young and, as stated, could not contemplate or forsee that he would make an unprovoked assault upon the road foreman. There is no evidence in this case to show that the state or department in question, or any of its officials, knew anything about the assailant’s disposition, nor as to any vicious nature or the probability of his making an assault upon any of his fellow workmen.
We feel, therefore, that an award cannot be made for the injuries sustained; however, since it has been the policy in the past, and was at the time of claimant’s injury, of the state road department to pay workmen for loss of time sustained by reason of injuries of any kind received while engaged in their usual work, we feel that the amount that claimant would have received from the state for services rendered during the period that he was unable to work should be given him, and an award of two hundred and fifty ($250.00) dollars is recommended accordingly.