WALLACE, JUDGE:
This claim in the amount of $2,038.00 was submitted to the Court upon the pleadings. The claimant was Chief Inspector for the respondent on Project APD-484 (ll)C-2. On June 4, 1975, he became involved in an argument with Dewey Moore, an employee of the J. F. Allen Company, contractor for the project. The argument apparently resulted in a fight between the claimant and Moore. As a result of the altercation, the claimant entered a plea of nolo contendere to a charge of assault and battery and was fined $38.00. He settled for $1,500.00 in a civil action filed against him by Moore, and incurred attorney fees in the amount of $500.00. This claim was filed to recover these amounts from the respondent.
The respondent filed its Answer admitting that the claimant was an employee working within the scope of his employment *138 and further admitting the allegations of the claim and exhibits and that the respondent is obligated in the amount of the claim. The Court disagrees.
The test of liability of the principal for the tortious act of his agent is whether the agent at the time of the commission of the act was acting within the scope of his authority in the employment of the principal, and not whether the act was in accordance with his instructions. If such act is done within the scope of authority and in furtherance of the principal’s business, the principal is responsible. But if the agent steps outside the boundaries of the principal’s business, for however short a time, the agency relation is for that time suspended, and the agent is not acting within the scope of his employment. Tri-State Coach Corporation v. Walsh, 188 Va. 299, 49 S.E.2d 363 (1948). In the case of Porter v. South Penn Oil Company, 125 W.Va. 361, 24 S.E. 2d 330 (1943), the Supreme Court of Appeals of West Virginia held:
“Before a master can be held liable for an assault upon a third person, committed by his servant, it must be shown that such assault was committed, either by the direction of the master, or in the performance by the servant of duties within the scope of his employment, or in the course of and connected with such employment.”
The action of the claimant as an employee of the respondent was not within the scope of his employment and was not such action that could reasonably be expected of an employee in the type of work he was performing. Therefore, there could be no liability on the part of the respondent. The pleadings and exhibits submitted to the Court for decision revealed that the claimant entered a plea of nolo contendere to a charge of assault and battery and settled a civil action resulting from the criminal charge, neither of which is anticipated as being within the scope of his employment. For the reasons herein stated, the Court disallows the claim.
Claim disallowed.