WALLACE, JUDGE:
This claim was bifurcated on the joint request of counsel following the hearing of the claim and comes before the Court on the issue of liability only.
' Claimant was employed by respondent at Blackwater Falls State Park on March 21, 1975. On that date, she alleges that she was intentionally assaulted by a coworker and, as a result, sustained a broken right femur and a bruised shoulder. The coworker was employed to supervise boys from the Davis Center in their work activities, such as cutting wood, mowing grass, and cleaning ditches. Claimant testified that she went to the coworker to ask him to keep the boys away from her automobile, because she feared that they would put sand in her gasoline tank. The coworker became angry, she testified, and she started to leave. She was then pushed by the coworker and fell to the ground, resulting in the injuries mentioned above.
As a result of her injuries, claimant spent seven weeks in the hospital. Claimant received Workmen’s Compensation payments for a period of three years, and her medical bills were also paid by Workmen’s Compensation. Claimant took early retirement in November 1975, after attaining the age of 62. Respondent alleges that it is not liable for the coworker’s conduct as that conduct was outside the scope of his employment.
This Court has previously enunciated a test for determining whether an act is within an employee’s scope of employment1.
“The test of liability of the principal for the tortious act of his agent is whether the agent at the time of the commission of the act was acting within the scope of his authority in the employment of the principal, and not whether the act was in accordance with his instructions. If such act is done within the scope of authority and in furtherance of the principal’s business, the principal is responsible. But if the agent steps outside the boundaries of the principal’s business, for however short a *111 time, the agency relation is for that time suspended, and the agent is^ not acting within the scope of his employment.” Heater v. Dept. of Highways, 12 Ct.Cl. 138 (1978).
Encompassed within this test is whether the act was one which could reasonably have been expected by an employee in the type of work he was performing. See also Pierson v. State Road Comm’n., 2 Ct.Cl. 273 (1944). The Court concludes that the action of the coworker in the claim presently under consideration was not within the scope of his employment. Furthermore, respondent had no reason to anticipate such an act on the part of its employee. Daniel L. Pase, the coworker’s supervisor, testified that he had no knowledge of any previous problems with the coworker. The Court is not unmindful of the injuries suffered by the claimant, but cannot conclude that the respondent is liable for the actions of the coworker. Therefore, the Court is of the opinion to, and does, disallow the claim.
Claim disallowed.