LYONS, JUDGE:
Claimant was employed in early September 1980 by the Bernard Pipe Line Construction Company as a flagger on a project on Route 119 in Boone County, West Virginia. She alleges that on October 9, 1980, she was injured when she jumped backwards to avoid being *180 struck by a truck. This truck was allegedly being driven by an employee of respondent, who deliberately swerved the truck at claimant in an attempt to harass her. Claimant alleges that the driver, now deceased, was one of several employees of respondent who had verbally harassed claimant and other female employees of Bernard Company. As a result of jumping backwards, claimant fell to the ground, resulting in lumbosacral strain and contusion of the low back. She was hospitalized from October 26 through November 11, 1980, after her condition failed to respond to home treatment. Claimant received a temporary total compensation award from the Industrial Commission of Ohio, the principal place of business of the Bernard Company. She now seeks an award of $75,000.00. Respondent denies that any of its employees harassed female workers of Bernard Company, that its employee swerved a truck at claimant, and that even if the allegations were true, respondent would not be liable as this action by its employee was outside the scope of his employment.
Testimony in this case was in sharp conflict on several major points. The claimant and a co-worker, Judy Dotson, testified that they had complained to respondent’s general foreman, George Milam, about the harassment on two occasions prior to claimant’s accident. Mr. Milam denied any knowledge of the complaints. Claimant and Ms. Dotson stated that the men would tell them that they should be home cleaning and taking care of their children instead of being out taking men’s jobs. On the date in question, claimant alleges that the driver was in a Department of Highways dump truck, carrying a load of gravel, when he failed to heed her directions to stop and swerved the truck at her as he passed by. Claimant stated that she had known the driver for several years and clearly saw him in the truck. Official payroll sheets and foreman’s daily reports, however, indicate that on October 9, 1980, the employee did not work and was considered “AWOL.”
The test of whether an act is within an employee’s scope of employment is whether the act was within the scope of his authority in the employment of the principal and in furtherance of the principal’s business. Heater vs. Dept. of Highways, 12 Ct.Cl. 138 (1978). Included in this test is whether the act might reasonably have been expected of an employee in his type of work. The Court concludes that even if the alleged driver was working on the date of the incident, the alleged wrongful act was outside the scope of his employment. There was, furthermore, no reason for respondent to anticipate such an act, even when construing the testimony in the light most favorable to claimant. There are no allegations that the driver or any other employee of *181 respondent threatened claimant or other female workers with bodily injury. There are no allegations that the driver’s work record should have caused his supervisor concern. The Court, therefore, cannot hold the respondent liable for the acts of its employee, and disallows the claim. See also: Campolio vs. Dept. of Natural Resources, (CC-77-39), opinion issued February 14, 1984.
Claim disallowed.